UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────

№ 19-CV-4192 (ARR) (RER)

───────────────

ANNUITY AND HEALTH & WELFARE FUNDS OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO BY THEIR TRUSTEES LOUIS MARK CAROTENUTO AND STANLEY FLEISHMAN,

                   Plaintiffs,

vs.

SOUTH ORANGE FANCY FOOD, LLC D/B/A EDEN GARDEN CAFÉ & MARKETPLACE / ASHLEY MARKETPLACE,

                   Defendant.

───────────────

**REPORT & RECOMMENDATION**

August 14, 2020

───────────────

TO THE HONORABLE ALLYNE R. ROSS,
SENIOR UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

  Plaintiffs are trustees (the "Trustees") of the Annuity[1] and Health & Welfare[2] Funds of The United Food & Commercial Workers Local 2013, AFL-CO.[3] Plaintiffs brought this action against Defendant, South Orange Fancy Food LLC,[4] for unpaid contributions under the Employee

---

[1] (the "Annuity Fund")

[2] (the "Welfare Fund")

[3] (collectively, the "Trustee Funds")

[4] ("South Orange Fancy Food" or "Defendant")

1

Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act of 1974 ("LMRA"). (Dkt. No. 1 ("Compl.") ¶ 1). The Defendant failed to answer or otherwise respond, resulting in entry of default on October 10, 2019. (Dkt. No. 7). On October 16, 2019, Plaintiffs moved for default judgment pursuant to Fed. R. Civ. P. 55. (Dkt. No. 8 ("Pl. Not. of Mot.")). On January 2, 2019, Your Honor referred the motion to me. I respectfully recommend that the Court: (1) grant Plaintiffs' motion for a default judgment; (2) grant Plaintiffs' request for an injunction, with the ability to petition the court for further relief; (3) award Plaintiffs attorney's fees in the amount of $1,859.00; and (4) award Plaintiffs costs in the amount of $535.00.

## BACKGROUND[5]

The Trustee Funds were established by trust indentures in accordance with the LMRA. (Compl. ¶ 4). Additionally, they constitute multi-employer employee benefit plans under ERISA. (Compl. ¶ 8). Specifically, the Annuity Fund is an employee pension benefit plan and the Welfare Fund is an employee health benefit plan. (*Id*. ¶¶ 6, 7). Defendant, South Orange Fancy Food, is a New York corporation, licensed to do business in New York, with its principal place of business in South Orange, New Jersey, doing business as Eden Garden Café & Marketplace and as Ashley Marketplace. (*Id*. ¶¶ 9, 10). Plaintiffs seek to compel an audit of Defendant's payroll records, to recover contributions owed to the Trustee Funds, and for the breach of two collective bargaining agreements ("CBAs").[6] (Compl. ¶ 1).

---

[5] Unless otherwise indicated, the following factual allegations are taken as true. *E.g., Bricklayers Ins. & Welfare Fund v. R. Smith Restoration*, No. 11-CV-3854 (FB) (RER), 2013 WL 2120306, at *2 (E.D.N.Y. Mar. 8, 2013).

[6] The second collective bargaining agreement succeeded the first upon its expiration. (*See* Steinberg Aff. ¶ 6.).

Each of the Trustee Funds was established through a distinct agreement between United Food & Commercial Workers Local 2013, AFL-CIO ("Local 2013")[7] and Defendant, one establishing the Welfare Fund and one establishing the Annity Fund (the "Trust Agreements"). (Dkt. Nos. 10-7 ("Steinberg Aff. Ex. G"); 10-8 ("Steinberg Aff. Ex. H")). Each agreement includes provisions requiring Defendant to produce payroll records upon the Trustees' demand. (Steinberg Aff. Ex. G at 8; Steinberg Aff. Ex. H at 17–18). Additionally, these two agreements include provisions requiring the Defendant to pay liquidated damages along with other costs incurred by the Trustees in pursuit of collecting Defendant's "delinquent contributions." (Steinberg Aff. Ex. G at 8; Steinberg Aff. Ex. H at 18). Moreover, each agreement provides that non-payment does not relieve Defendant from its obligation to make payments to the fund. (Steinberg Aff. Ex. G at 9; Steinberg Aff. Ex. H at 18).

Local 2013 also entered into two collective bargaining agreements ("CBAs") with Defendant. (Dkt. No. 10-3 ("Steinberg Aff. Ex. C"); Dkt. No. 10-4 ("Steinberg Aff. Ex. D")). The first CBA was entered into on August 1, 2013 and expired August 1, 2016. (Steinberg Aff. Ex. C at 2; Steinberg Aff. ¶ 6).[8] The second CBA was entered on August 2, 2016, and expired on August 1, 2019. (Steinberg Aff. Ex. D at 2; Steinberg Aff. ¶ 6). Each CBA includes provisions regarding Defendant's required contributions to the respective Trustee Funds. (Steinberg Aff. Ex. C at 9–10; Steinberg Aff. Ex. D at 9–10). Defendant's contributions were contingent on conditions such as the number of full-time employees, how long each employee had been employed full time, and if

---

[7] Union Local 2013 was previously designated Local 348-S United Food and Commercial Workers; it was granted its current name change in 2013. (Steinberg Aff. n.1; *see* Dkt. No. 10-2 ("Steinberg Aff. Ex. B")).

[8] In the first agreement, the Welfare and Annuity Funds are referenced by their previous names. In 2013, the Annuity Fund, Local 348 Annuity Fund, changed its name to Local 2013 Annuity Fund. (Dkt. No. 10-6 ("Steinberg Aff. Ex. F")). In 2013, the name of the Welfare Fund was changed from Local 348 Health and Welfare Fund to UFCW Local 2013 Health and Welfare Fund. (Dkt. No. 10-5 ("Steinberg Aff. Ex. E")).

the employee opted into each fund. (*Id.*). The CBAs also provide that Defendant shall pay all costs and reasonable legal fees incurred in collecting the Trustee Funds contributions. (Steinberg Aff. Ex. C at 10; Steinberg Aff. Ex. D at 11).

Plaintiffs assert that between January 1, 2015, and December 31, 2016, Defendant may have underreported the number of employees, hours worked by each employee, and the wages paid to employees and therefore its contribution due to the Trustee Funds. (Compl. ¶ 22). Moreover, Plaintiffs allege that Defendant breached the CBA by failing to provide required fringe benefit contributions. (*Id.* ¶ 25). In order to establish Defendant's violations, the Trustee Funds formally requested the production of payroll records, but thus far Defendant has refused to comply. (*Id.* ¶ 23). Plaintiffs now ask the Court to enjoin Defendant to cooperate in an audit. (Pl. Not. of Mot.). Plaintiffs also seek recovery of attorneys' fees and costs from Defendant. (*Id.*) Plaintiffs request the right petition the Court for further relief should a deficiency be identified in said audit. (*Id.*).

## DISCUSSION

### I.     Legal Standard

The Federal Rules of Civil Procedure establish a two-step procedure for entry of a default judgment. *See* Fed. R. Civ. P. 55. The first step is to receive an entry of default. *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). The second step requires that a plaintiff "apply to the court for entry of a default judgment." *Id.* at 505. If the defendant does not appear or move to set aside the default in accordance with Rule 55(c), a default judgment may be entered. *La Barbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 347 (E.D.N.Y. 2009) (adopting Report and Recommendation).

A plaintiff is not entitled to a default judgment simply because the defendant is in default. *Id.* (citing *Erwin DeMarino Trucking Co. v. Jackson*, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). There are multiple factors which may be considered by the court when determining whether a default judgment should be granted. *Id.* These factors include whether the default was willful, whether the defendant has a meritorious defense, and how prejudiced the non-defaulting party would be if the motion of default judgment was denied. *Double Green Produce, Inc. v. Forum Supermarket Inc.*, 387 F. Supp. 3d 260, 266 (E.D.N.Y. 2019).

When a default judgment is entered, the defendant is presumed to admit all well-pleaded allegations in the complaint relating to liability. *La Barbera*, 666 F. Supp. 2d at 348 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). A plaintiff must demonstrate that these well-pleaded facts wholly establish defendant's liability. *Said v. SBS Elecs.*, No. 08-CV-3067 (RJD) (JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *R & R adopted as modified by* 2010 WL 1287080 (Mar. 31, 2010). A plaintiff may then be required to prove damages at an evidentiary hearing, at which the defendant is able to contest damages. *See La Barbera* 666 F. Supp. 2d at 349. However, if damages can be mathematically calculated, or if there are detailed affidavits and documentary evidence as to what damages should be, then an evidentiary hearing may not be required. *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

**II.   Liability**

    1.  Liability Under ERISA

Section 515 ERISA requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall … make such contributions in accordance with the terms and conditions of such

5

plan or such agreement." 29 U.S.C. § 1145; *see also Annuity, Welfare, & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO by Callahan v. Getty Contracting, LLC*, No. 18-CV-1450 (CBA) (RLM), 2018 WL 7076168, at *3 (E.D.N.Y. Oct. 5, 2018), *R & R adopted by* 2018 WL 7076162 (E.D.N.Y. Dec. 12, 2018). An employer is also required to "maintain records with respect to each of [its] employees sufficient to determine the benefits due." 29 U.S.C. § 1059(a)(1). This requirement allows the benefit plans access to the necessary information to fulfill their reporting duties. *Grabois v. Action Acoustics, Inc.*, No. 94 Civ. 7386 (NRB), 1995 WL 662127, at *2 (S.D.N.Y. Nov. 9, 1995) (citing *Cent. States, Se. & Sw. Areas Pension Fund v. Central Transport Inc.*, 472 U.S. 559, 573 (1985)). Defendant was similarly required by the terms of the Trust Agreements to produce payroll records upon the Trustees' demand. (Steinberg Aff. Ex. G at 8; Steinberg Aff. Ex. H at 17–18). Plan fiduciaries are empowered to bring civil actions to enforce provisions of such agreements. *See* 29 U.S.C. § 1132(a)(3); *Getty Contracting, LLC*, 2018 WL 7076168, at *3.

Plaintiffs have adequately plead that the Annuity Fund is an employee pension plan within the definition of 29 U.S.C. Section 1002(2), and that the Welfare Fund is an employee health benefit plan within the definition of 29 U.S.C. Section 1002(1). (Compl. ¶¶ 6–7). The pleadings also establish that Defendant is an employer within the definition of 29 U.S.C. Section 1002(5). (*Id.* ¶ 12). Additionally, the Trustees are plan fiduciaries as defined by 29 U.S.C. Section 1002(21). (Compl. ¶ 21). Therefore, Plaintiffs have stated a claim under ERISA for Defendant's failure to produce the requested records.

    2. <u>Liability Under the LMRA</u>

Section 301 of the LMRA, 29 U.S.C. Section 185, creates a federal cause of action if there is a "violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

6

"An employer's breach of a collective bargaining agreement and/or trust agreement, by failing to comply with an audit request, is actionable under the LRMA." *Getty Contracting, LLC*, 2018 WL 7076168, at *3. Defendant is in breach of the Trust Agreements by failing to comply with Plaintiffs' request for production of payroll records, or Plaintiffs' request of an audit. (*See* Compl. ¶ 23; Dkt. No. 9 ("Dowling Aff.") ¶ 5; Steinberg Aff. Ex. G at 8; Steinberg Aff. Ex. H at 17–18). Plaintiffs' allegations regarding Defendant's breach of the Trust Agreements are sufficient to find Defendant liable under Section 301 of the LMRA.

**III.  Relief**

Having established liability under ERISA and the LMRA, Plaintiffs' request for relief must be evaluated. Plaintiffs seek three things: (1) an injunction compelling Defendant to submit to an audit; (2) the ability to petition the court for further relief if required by the result of the audit; and (3) attorney's fees and costs. (Pl. Not. of Mot.). As the Trustees acknowledge, they are unable at this time to provide anything to substantiate the demands in their Complaint for unpaid contributions, liquidated damages, or prejudgment interest. (Dkt. No. 11 ("Pl. Mem.") at 11). Due to the absence of an audit, or any other documentation, there is no evidence, nor is there a basis for mathematical calculations, to establish whether contributions are owed to the Trustee Funds. Therefore, no monetary award for unpaid contributions, liquidated damages, or prejudgment interest will be recommended at this time. However, I recommend Plaintiffs be given the opportunity to seek additional relief should an audit identify any deficiency.

1. Injunction

In an action to enforce 29 U.S.C. Section 1145, the court may award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E). "That relief may include an injunction directing a defendant to comply with a requirement, imposed by a collective

bargaining agreement, that the defendant permit and cooperate in the conduct of an audit of its records." *Getty Contracting, LLC*, 2018 WL 7076168, at *4 (quoting *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, 15A, 15C & 15D, AFL-CIO v. Lori Contracting, Inc.*, No. 14-CV-2467 (RJD) (MDG), 2015 WL 1321672, at *3 (E.D.N.Y. Mar. 5, 2015), *R & R adopted by* 2015 WL 1359072 (E.D.N.Y. Mar. 24, 2015).

When a defendant is in default, and the relevant statute includes injunctive relief among its remedies, an injunction may be granted, provided the plaintiff shows they will suffer "irreparable harm" if the injunction is not granted. *La Barbera*, 666 F. Supp. 2d at 349 (quoting *King v. Nelco Indus., Inc.*, No. 96-CV-4177, 1996 WL 629564, at *1 (E.D.N.Y. Oct. 23, 1996). The plaintiff must also show that the harm they will suffer is "likely and imminent" and "not capable of being fully remedied by money damages." *Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Local 15, L 5A, L 5C & 15D, AFL-CIO by Callahan v. Prof'l Pavers Corp.*, No. 18-CV-5697 (BMC), 2019 WL 1507937, at *2 (E.D.N.Y. Apr. 5, 2019) (quoting *Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 276–7 (S.D.N.Y. 2015)).

An audit is necessary to calculate the amount in contributions, if any, owed by Defendant. (*See* Compl. ¶¶ 13–23). Defendant has failed to comply with the terms of the Trust Agreements by not allowing Plaintiffs to examine and audit the records. (*See id*. ¶ 19; Dowling Aff. ¶ 5). The audit is the agreed to means through which monetary damages can be accurately calculated. (*See id*. ¶¶ 13–23). An injunction to perform an audit is therefore necessary to calculate the contributions owed, if any. (*See id*.). The failure to grant an injunction would result in likely and imminent harm. *Professional Pavers Corp.*, 2019 WL 1507937, at *2 (finding that by "virtue of

8

its default, defendant has admitted that it has not remitted to plaintiffs an accurate amount of contributions, dues, and payments since becoming a party to the CBA" and therefore "injunctive relief is necessary to effectuate plaintiffs' rights under the CBA and the trust agreements."). I therefore respectfully recommend that an injunction be granted and that Defendant be required to submit to an audit.

   2. Attorney's Fees

Pursuant to 29 U.S.C. Section 1132(g)(2)(D) and the Trust Agreements, Plaintiffs are entitled to reasonable attorney's fees. (*See* Steinberg Aff. Ex. G at 8; Steinberg Aff. Ex. H at 18; Pl. Mem. at 7). The court will determine if the fees requested are presumptively reasonable by figuring out what "a reasonable client is willing to pay." *La Barbera*, 666 F. Supp. 2d at 353. The Second Circuit has established a series of factors to determine what a reasonable hourly rate is. *Id*. Among these factors are the time and labor required; the novelty and difficulty of the questions; and the attorney's customary hourly rate. *Id*. (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections*, 522 F.3d, 182, 187 n.3 (2d Cir. 2008)). Next, the court must determine whether the total number of hours claimed is reasonable. *Tr. of the Leather Goods, Handbags, & Novelty Workers' Union Local 1 Joint Ret. Fund v. Ctr. Fur Storage Co.*, No. 18-CV-7224 (AMD) (RER), 2019 WL 3937132, at *13 (E.D.N.Y. Aug. 2, 2019), *R & R adopted by* 2019 WL 3936676 (Aug. 20, 2019). "The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged." *Trs. of Local 7 Tile Indus. Welfare Fund v. Caesar Max Tile Corp.*, No. 13-CV-924 (RRM) (VMS), 2014 WL 991723 at *10.

Plaintiffs' requested $1,859.00 in attorney's fees is reasonable. (*See* Pl. Mem. at 7–9). This fee includes the time spent preparing the Summons and Complaint, as well as all supplemental

9

filings. (Dkt. No. 10-10 ("Steinberg Aff. Ex. J")). Plaintiffs' attorney, a law firm partner, charged $286.00 per hour for six and one-half hours to complete this work. (Pl. Mem. at 7; Steinberg Aff. ¶¶ 11–13). The amount of time spent, as well as hourly rate, are both reasonable. *See Tr. of Local 7 Tile Industry Welfare Fund v. City Tile, Inc.*, No. 10-CV-0322, 2011 WL 7041411, at *3 (E.D.N.Y. Dec. 7, 2011) *R &R adopted by* 2012 WL 123022 (E.D.N.Y. Jan. 17, 2012) (finding 11.5 hours of work to be reasonable in an ERISA default case); *Caesar Max Tile Corp.*, 2014 WL 991723 at *10 (stating that in "…the Eastern District of New York, reasonable hourly rates in ERISA cases have ranged from $200.00 to $350.00 an hour for partners"). Therefore, I respectfully recommend that the requested attorney's fees be granted to Plaintiffs.

3. Costs

Plaintiffs are entitled to recover these costs under 29 U.S.C. Section 1132(g)(2)(D) and by the terms in each CBA, which state that Plaintiffs can recover costs incurred while ascertaining and collecting any delinquent payments. 29 U.S.C. § 1132(g)(2)(D); (Steinberg Aff. ¶ 7; Steinberg Aff. Ex. C at 10; Steinberg Aff. Ex. D. at 10); *see Finkel v. Triple A Grp., Inc.*, 708 F. Supp. 2d 277, 290 (E.D.N.Y. 2010) (awarding $818.53 in costs for filing fees, service, postage, and photocopying). Thus, the $535.00 in costs requested, comprising the filing fee and the payment made to the process server, are reasonable, and I respectfully recommend that Plaintiffs be awarded $535.00 in costs associated with bringing this action.

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that the Court: (1) grant Plaintiffs' motion for a default judgment; (2) grant Plaintiffs' request for an injunction, with the ability to petition the court for further relief; (3) award Plaintiffs attorney's fees in the amount of $1,859.00; and (4) award Plaintiffs costs in the amount of $535.00.

Plaintiffs are hereby directed to serve copies of this Report and Recommendation upon Defendant by regular and certified mail and to file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Allyne R. Ross, within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: August 14, 2020
Brooklyn, NY